# Exhibit A

REVERE & ASSOCIATES
A Limited Liability Law Company

TERRANCE M. REVERE      5857
AMANDA L. DUTCHER       9749
Pali Palms Plaza
970 North Kalaheo, Ave., Suite A301
Kailua, Hawai'i 96734
Telephone No: (808) 791-9550
Facsimile No: (808) 791-9551
terry@revereandassociates.com
amanda@revereandassociates.com

Attorneys for Plaintiffs
ALAN J. BAILEY, Individually and as
Personal Representative of the Estate of
CHARLES BAILEY

**Electronically Filed
FIRST CIRCUIT
1CCV-21-0001354
02-NOV-2021
03:52 PM
Dkt. 1 CMPS**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ALAN J. BAILEY, Individually and as Personal Representative of the Estate of CHARLES BAILEY, <br><br> Plaintiffs, <br><br> vs. <br><br> THE ASSOCIATION OF APARTMENT OWNERS OF MAKAHA SHORES; HAWAIIANA MANAGEMENT COMPANY, LTD.; ROBERT J. COOPER; CELESTE E. DUNCAN; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10, <br><br> Defendants. | Civil No. _____ <br> (Other Civil Action) <br><br> COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

## COMPLAINT

Plaintiffs ALAN J. BAILEY, Individually and as Personal Representative of the Estate of

CHARLES BAILEY, deceased, (collectively "Plaintiffs"), by and through their attorneys,

REVERE AND ASSOCIATES, LLLC, complain against Defendants THE ASSOCIATION OF APARTMENT OWNERS OF MAKAHA SHORES, HAWAIIANA MANAGEMENT COMPANY, LTD., ROBERT J. COOPER, and CELESTE E. DUNCAN (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction and venue over the above Defendants under *Hawai`i Revised Statutes* ("HRS") § 634-35, as the real property, transactions, and tortious conduct alleged herein arise within this state.  Defendants are subject to the jurisdiction of this Court because they reside and conduct business in this Circuit and the tortious conduct alleged herein occurred within this Circuit.

2.       This Court has subject matter jurisdiction over this action under HRS §§ 603-21.5. and 632-1.

3.       Venue is proper before this Court under HRS § 603-36.

## PARTIES

4.       ALAN J. BAILEY ("A. Bailey") was at all times relevant hereto, the owner of Unit #202 at the Makaha Shores, a condominium project established by Chapter 514B, HRS and located in the City and County of Honolulu, State of Hawaii.

5.       CHARLES BAILEY ("C. Bailey") was at all times relevant hereto, a resident of Units #202 and then #401 at the Makaha Shores.

6.       Defendant ASSOCIATION OF APARTMENT OWNERS OF THE MAKAHA SHORES ("AOAO") is a nonprofit corporation organized and existing under the laws of the State of Hawaii and vested with the operation and administration of the Makaha Shores.

7.       Defendant HAWAIIANA MANAGEMENT COMPANY, LTD. ("Hawaiiana") is the managing agent for the AOAO.

8. Defendant ROBERT J. COOPER was at all times relevant hereto, the owner of Unit #317 at the Makaha Shores and Board President of the AOAO.

9. Defendant CELESTE E. DUNCAN was at all times relevant hereto, the owner of Unit #317 at the Makaha Shores and the Office Manager for the AOAO.

10. Plaintiffs have reviewed records that were made available to them in order to ascertain the true and full names and identities of all defendants in the action, but no further knowledge or information regarding the parties responsible is available at this time, and Plaintiffs are unable to ascertain the identity of the defendants in this action designated as JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; DOE CORPORATIONS 1-100; and DOE ENTITIES 1-100 (hereinafter collectively referred to as "Doe Defendants"); said defendants are sued herein under fictitious names for the reason that their true names and identities are unknown to Plaintiffs except that they may be connected in some manner with Defendants and may be agents, attorneys, servants, employees, employers, representatives, co-venturers, co-conspirators, associates, or independent contractors of Defendants and/or were in some manner responsible for the injuries or damages to Plaintiffs and their true names, identities, capacities, activities, and/or responsibilities are presently unknown to Plaintiffs or their attorney.

11. All events material to this Complaint occurred on the Island of Oahu, City and County of Honolulu, and within the jurisdiction of the Circuit Court of the First Circuit, State of Hawaii.

12. In or around November 2008, A. Bailey purchased Unit #202 at the Makaha Shores.

13. In or around March 2014, A. Bailey purchased Unit #401 at Makaha Shore, in the name of the Bailey Family Trust, for his father, C. Bailey, to reside.

14. Prior to March 2014, C. Bailey resided with A. Bailey in Unit #202.

15. C. Bailey was physically disabled and suffered from to dementia and Alzheimer's and required the assistance of a service dog for alerting others for help when he fell on the floor.

16. C. Bailey was wheelchair bound and subject to injury from falls particularly getting in or out of chair and bed and using the restroom.

17. C. Bailey's service dog would bark when and only when he would fall on the floor.

18. The dog, which had been with C. Bailey for about 10 years, also provided companionship when C. Bailey was living on his own in Unit #401.

19. C. Bailey's service dog also assisted him in alleviating some of his symptoms of his mental disability.

20. In 2014, A. Bailey submitted to the Board a request for reasonable accommodation for his father to allow his service dog to reside with him at the Makaha Shores.

21. In support of his request for reasonable accommodation, C. Bailey submitted a medical letter from his doctor describing his need for the accommodation.

22. In April 2014, the Board approved C. Bailey's request for reasonable accommodation.

23. Celeste Duncan began as Office Manager for Makaha Shores on April 4, 2019.

24. Ms. Duncan is the wife of Richard Cooper, the AOAO Board President at the time.

25. On September 12, 2019, after more than five years of living with his service dog pursuant to the Board's approval, Ms. Duncan, as the new office manager for the AOAO,

demanded that C. Bailey provide the Board another letter from his doctor related to his need for reasonable accommodation.

26. A. Bailey appropriately informed Ms. Duncan that the Board had received a doctor letter in support of his father's request for a reasonable accommodation and that such request was granted in 2014.

27. Upon information and belief Ms. Duncan was unable to locate the 2014 letter or simply decided on her own, and without any instruction from the Board, that she had the authority to demand another letter from C. Bailey.

28. Upon information and belief, Ms. Duncan, decided on her own and without any instruction from the Board that moving forward, she would be enforcing a new policy of requiring owners requesting an accommodation to provide doctor letters on an annual basis.

29. Ms. Duncan was insistent that she could institute such a policy without Board approval and proceeded to threaten Plaintiffs with fines.

30. The Board President and Ms. Duncan's husband, Richard Cooper, acting on behalf of the AOAO and with the Board's full knowledge, supported and ratified Ms. Duncan's actions.

31. On November 1, 2019, Ms. Duncan charged against C. Bailey's account two fines totaling $125 because he was unable to arrange with his doctor in time to meet Ms. Duncan's arbitrary deadline.

32. Ms. Duncan then told A. Bailey if a medical letter was not submitted by November 12, 2019, the AOAO would issue a third fine.

33. On November 6, 2019, A. Bailey provided Ms. Duncan the requested letter from C. Bailey's doctor and reminded the Board that C. Bailey's service dog alleviates his disabilities' adverse effects in substantive ways and degree.

34. On November 13, 2019, C. Bailey received a fine of $100 for failure to submit the medical letter, and the AOAO warned a fourth fine of $200 would be issued if he did not provide the requested letter.

35. On November 23, 2019, the Board acknowledged receipt of C. Bailey's doctor letter, granted his request for reasonable accommodation and stated that it would reverse the assessed fines.

36. Unfortunately, Hawaiiana did not take the necessary actions to adjust C. Bailey's account as instructed by the Board and on December 18, 2019 and then again on December 31, 2019, C. Bailey received notices of delinquency indicating that he had been fined $75 for fines related to his service dog.

37. The fine wasn't removed until January 10, 2020.

38. Defendants repeatedly harassed Plaintiffs because of C. Bailey's request for an assistance animal by issuing penalty fees and increasing the fees up to $200 per day.

39. Defendants requesting a medical letter was not necessary given C. Bailey's physical disability was visible.

40. Re-approval of C. Bailey's assistance animal also took three months and was not dealt with in a timely manner.

41. Defendants' actions were intended to make C. Bailey uncomfortable and unwelcome in his home because of his disability.

42. Ms. Duncan on other occasions made it a point to suggest that C. Bailey should be in a facility reserved for individuals of his same age or that because of his disability he should not be living at Makaha Shores.

43. For example, on or around September 12, 2019, Ms. Duncan told A. Bailey that she smelled dog urine in C. Bailey's apartment and told A. Bailey "You should put your dad in a facility with other people his own age."

44. On other occasions, Ms. Duncan made unfounded accusations both privately and publicly that C. Bailey's service dog was urinating in the common areas at the project.

45. The mental stress took its toll, as C. Bailey feared that the AOAO and/or Hawaiiana were entering his unit to take the dog from him.

46. In addition to the continuing harassment related to C. Bailey's service dog, Defendants selectively enforced restrictions against A. Bailey such as requiring him to remove his chairs and other items from his lanai; demanding proof of insurance for his vehicles despite no house rules requiring such; designating of the smoking area outside his unit; dismissing legitimate complaints regarding excessive noise and toxic fumes from the use of the leaf blower by maintenance; and dismissing legitimate complaints about the stairwells being closed and without lighting.

47. When Ms. Duncan was hired to be the AOAO's Office Manager there was a concern expressed by A. Bailey that the fact that she was married to the Board President was an inappropriate conflict of interest.

48. A. Bailey spent months trying to protect his father's right to peaceful enjoyment of his home at the Makaha Shores.

49. Defendants caused Plaintiffs stress and created an unhealthy and unwelcome environment for Plaintiffs at the Makaha Shores.

50. A. Bailey sought medical attention for the stress that was making him irritable and causing many, many sleepless nights.

51. C. Bailey was in constant fear that the AOAO would take his service animal away from him and informed his son that on numerous occasions, someone from the AOAO came into his apartment, without his permission, while he was watching t.v.

52. C. Bailey's mental state worsened as a result of the stress and A. Bailey was forced to moved his father to mainland.

53. C. Bailey passed away on May 14, 2020.

54. A. Bailey is executor of C. Bailey's Estate.

## CLAIMS

55. Upon information and belief, the selective enforcement of certain rules of the AOAO by Ms. Duncan and ratified by Defendants against Plaintiffs were acts of retaliation in violation of HRS § 514B-191 for A. Bailey questioning the hiring of Ms. Duncan to her position as office manager.

56. Upon information and belief, the fines related to C. Bailey's service dog issued by Ms. Duncan and ratified by Defendants were discriminatory acts in violation of HRS § 515-16(6).

57. As a direct, proximate and foreseeable result of Defendants' wrongful acts of retaliation and selective enforcement towards Plaintiffs, Plaintiffs have suffered and continue to suffer damages in an amount to be proven at trial.

58. Under HRS §§ 514B-9 and 514B-10 and the common law, Defendants owe Plaintiffs an obligation of good faith and fair dealing.

59. Under Chapter 514B and the Makaha Surf Governing Document, Defendants owed Plaintiffs fiduciary duties and breached such duties in its wrongful acts described above.

60. As a direct, proximate, and foreseeable result of the Defendants' breaches of the duties under Chapter 514B and the Makaha Shore's governing documents, including Defendants' fiduciary duty and duties of good faith and fair dealing, Plaintiffs have suffered and continue to suffer damages in an amount to be proven at trial.

61. Defendants' wrongdoings towards Plaintiffs have been negligent, grossly negligent, reckless and outrageous.

62. As a direct, proximate and foreseeable result of the Defendants' negligent or intentional acts, which are outrageous, Plaintiffs have suffered and continue to suffer emotional distress and damages in an amount to be proven at trial.

63. Defendants violated Section 302 of the Americans Disability Act ("ADA") where they discriminated against C. Bailey per his disability.

64. Defendants violated § 503 of the ADA where they intimidated and retaliated against C. Bailey in response to his lawful acts under the ADA.

65. As a direct, proximate and foreseeable result of the Defendants' illegal conduct, Plaintiffs have suffered and continue to suffer damages in an amount to be proven at trial.

66. Defendants violated Section 504 of the Rehabilitation Act of 1973 where their discrimination limited Plaintiffs' use and enjoyment of rights, privileges and opportunities that were enjoyed by other residents and owners of the Makaha Shores.

67. As a direct, proximate and foreseeable result of the Defendants' illegal conduct in violation of Section 504 of the Rehabilitation Act of 1973, Plaintiffs have suffered and continue to suffer damages in an amount to be proven at trial.

68. Defendants discriminated against and intimidated C. Bailey in his use and enjoyment of his real property pursuant to his disability.

69. As a direct, proximate and foreseeable result of the Defendants' violations of the Title 12 Chapter 46 of the Hawaii Administrative Rules, Plaintiffs have suffered and continue to suffer damages in an amount to be proven at trial.

***

WHEREFORE, Plaintiffs demand judgment and relief against Defendants in an amount in excess of the minimum jurisdictional requirements of this Court, as follows:

A. For an award of general, specific, compensatory and/or punitive damages against Defendants in an amount to be shown at trial;

B. For an award of attorneys' fees, costs and interest;

C. For an award of prejudgment and post judgment interest; and

D. For such other and further relief as the Court deems appropriate and just.

DATED: Honolulu, Hawaii, November 2, 2021.

/s/ Amanda L. Dutcher

TERRANCE M. REVERE
AMANDA L. DUTCHER
Attorneys for Plaintiffs
ALAN J. BAILEY Individually and as Personal
Representative of the Estate of CHARLES BAILEY

10

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ALAN J. BAILEY, Individually and as Personal Representative of the Estate of CHARLES BAILEY,<br><br>Plaintiffs,<br><br>vs.<br><br>THE ASSOCIATION OF APARTMENT OWNERS OF MAKAHA SHORES; HAWAIIANA MANAGEMENT COMPANY, LTD.; ROBERT J. COOPER; CELESTE E. DUNCAN; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;<br><br>Defendants. | Civil No. _____<br>(Other Civil Action)<br><br>DEMAND FOR JURY TRIAL |

## **DEMAND FOR JURY TRIAL**

Plaintiffs ALAN J. BAILEY, Individually and as Personal Representative of the Estate of

CHARLES BAILEY demand trial by jury on all issues so triable herein.

Dated: Honolulu, Hawai`i, November 2, 2021.

/s/ Amanda L. Dutcher

TERRANCE M. REVERE
AMANDA L. DUTCHER
Attorneys for Plaintiffs
ALAN J. BAILEY, Personal Representative of the
Estate of CHARLES BAILEY

| **STATE OF HAWAI'I**<br>CIRCUIT COURT OF THE<br>FIRST CIRCUIT | **SUMMONS**<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER<br>**CIVIL NO.** |
|---|---|---|
| PLAINTIFF     VS.<br>ALAN J. BAILEY, Individually and as Personal Representative of the Estate of CHARLES BAILEY | | DEFENDANT(S)<br>THE ASSOCIATION OF APARTMENT OWNERS OF MAKAHA SHORES; HAWAIIANA MANAGEMENT COMPANY, LTD.; ROBERT J. COOPER; CELESTE E. DUNCAN; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1 10; DOE ENTITIES 1-10, |

PLAINTIFF'S NAME & ADDRESS, TEL. NO.

TERRANCE M. REVERE   5857
AMANDA L. DUTCHER  9749
Pali Palms Plaza
970 North Kalaheo, Ave., Suite A301
Kailua, Hawai'i 96734
Telephone No: (808) 791-9550

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

TERRANCE M. REVERE , ESQ.  / AMANDA L. DUTCHER, ESQ.
Revere & Associates, LLLC, Pali Palms Plaza, 970 N. Kalaheo Avenue, Suite A301, Kailua, Hawaii 96734
_____ ,
plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http:/www.courts.state.hi.us | **Effective Date of 28-Oct-2019**<br>**Signed by: /s/ Patsy Nakamoto**<br>**Clerk, 1st Circuit, State of Hawai'i**  |
|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.